UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIA MENDOZA ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-4361 |
| KELLY BRUZEAU ET AL. | SECTION A(1) |

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 13)** filed by Defendants Sonia Alvarez and Barbara Kirwin. Plaintiffs oppose the motion. The motion, set for submission on January 13, 2016, is before the Court on the briefs without oral argument. For the following reasons, the motion is **GRANTED**.

**I.     Background**

Plaintiffs' claims against Defendants Alvarez and Kirwin arise out of a "minor traffic confrontation." (Rec. Doc. 1, Compl. ¶ 12). While Plaintiff Angelica Sotomayor, was backing out of her driveway, Defendant Alvarez was driving her vehicle "at a high rate of speed" down Sotomayor's street. (*Id.*) The complaint is unclear on whether the vehicles collided. The complaint alleges that Alvarez then grabbed Sotomayor's arm and told her that she knew where Sotomayor lived and would find out who she was. (*Id.*) Alvarez then parked her car in a way that blocked Sotomayor's car from leaving the neighborhood. (*Id.*)

Deputy Kelly Bruzeau arrived on the scene. (*Id.*) According to the complaint, Bruzeau was an acquaintance of Alvarez and Kirwin, who allegedly was a passenger in the car with Alvarez. (*Id.*) Bruzeau tried to put Sotomayor in handcuffs, and Plaintiff Maria Mendoza, Sotomayor's daughter, came out of the house. (*Id.* at ¶ 14). She began recording the incident on her phone. (*Id.*)

1

Allegedly, upon realizing Mendoza was recording, Bruzeau put Mendoza in a headlock, threw her against a car, and took the phone. (*Id.* at ¶ 16). Sotomayor yelled to Bruzeau that Mendoza was in a fragile state due to her pregnancy. (*Id.* at ¶ 17). Allegedly, Bruzeau then violently threw Mendoza into a police car. (*Id.* at ¶ 18).

Sotomayor and Mendoza were taken to Jefferson Parish Correctional Center, where they were booked and placed in a cell. (*Id.* at ¶ 19). Mendoza told the officers she was pregnant and feeling pain in her abdomen. (*Id.*). Mendoza asked for medical treatment repeatedly. (*Id.* at ¶ 20-21). The officers placed her in a separate holding cell. (*Id.*) Mendoza continued telling officers and nurses she felt pain in her abdomen, and they allegedly told her to pretend to be okay so that she would be released more quickly. (*Id.*)

At 3 a.m., Mendoza began banging on the walls of her cell and screaming for medical attention. (*Id.* at ¶ 22). Deputy Nathaniel Cooper approached the cell and then called for medical personnel twice. (*Id.*). No one came, so he walked to the medical office to find a nurse. (*Id.*). Allegedly, a nurse went to Mendoza's cell and said she did not see anything wrong. (*Id.*). Shortly after this, Mendoza delivered a stillborn fetus in her cell. (*Id.*). Mendoza was then transported by Gretna EMS to West Jefferson Medical Center. (*Id.* at ¶ 25).

Plaintiffs assert a number of claims against Defendants. (Rec. Doc. 1). Plaintiffs initially asserted constitutional violations under Section 1983 against all Defendants. (*Id.*) In the instant motion, however, Movants seek dismissal of all federal claims against them as Movants are private citizens and Plaintiffs made no allegations that they were acting under color of state law. (Rec. Doc. 13-1). Plaintiffs responded and said that any federal claims against Movants were inadvertently asserted. (Rec. Doc. 14). Thus, the only claims at issue against Movants are state law claims of assault and battery, false imprisonment, and filing false affidavits. (Rec. Doc. 1, Compl.

¶ 76-89). Movants argue that these claims should be dismissed, pointing out that the Court does not have original jurisdiction over any claims raised against these private citizens, and further, that the claims against Movants do not derive from the same "common nucleus of operative fact" as the federal claims over which the Court has original jurisdiction. (Rec. Doc. 13-1).

## II. Analysis

Under 28 U.S.C. § 1367, a court may assert supplemental jurisdiction over any state law claims that do not independently satisfy original jurisdiction, if the state law claims are part of the same case or controversy as a federal claim over which the court has original jurisdiction. *See Energy Management Services, LLC v. City of Alexandria*, 739 F.3d 255, 259 (5th Cir. 2014). The Supreme Court has held that "federal-question jurisdiction over a claim may authorize a federal court to exercise jurisdiction over state-law claims that may be viewed as part of the same case because they 'derive from a common nucleus of operative fact' as the federal claim." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

The Court agrees with Movants that Plaintiffs' allegations derive from two separate and distinct sets of operative facts. As the Court understands them, Plaintiffs' claims against Movants derive from an altercation between Plaintiffs and Movants that occurred before the other Defendants arrived at the scene. Plaintiffs' claims against the other Defendants derive from the arrest and detention of Plaintiffs by these Defendants, which did not involve Movants. Resolving the state law claims against Movants will require discovery unrelated to the discovery required to assess the federal § 1983 and related state law claims against the other Defendants.

Accordingly and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 13)** filed by Defendants Sonia Alvarez and Barbara Kirwin is **GRANTED**. Plaintiffs' claims against Alvarez and Kirwin are **DISMISSED WITHOUT PREJUDICE**.

January 27, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE